Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Raymond Zwibel                                Docket No. 2:03CR00247-001

Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Raymond Zwibel, who was placed on supervision by the Honorable Gary L. Lancaster Chief United States District Judge sitting in the Court at Pittsburgh, Pennsylvania, on the 11th day of March 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall not unlawfully possess a controlled substance.
2. The defendant shall not possess a firearm, or any other destructive device.
3. The defendant shall submit to urinalysis as directed by the probation officer and shall participate in a substance abuse treatment program, if necessary. It is also ordered that the defendant's initial drug test shall occur within 15 days of being placed on supervision and he shall undergo at least two periodic tests thereafter. Furthermore, the defendant shall be required to contribute to the costs of services for any such treatment not to exceed an amount determined reasonable by the Probation Office.
4. The defendant shall participate in a mental health treatment program as directed by the probation officer, and he shall remain in any such program until he is released from it by the probation officer.
5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

As Modified July 7, 2010:

That the defendant reside at the Renewal Community Corrections Center until released by the program director and the probation officer, for a period not to exceed 180 days.

03/11/2005: Possession of a Firearm by a Convicted Felon - 18 USC 922(g)(1) 70 months BOP; 3 year TSR; $100 S.A.
10/15/2008: Released to supervision; currently supervised by USPO Andrew A. Waszyn

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your Petitioner reports that Mr. Swibel has violated the following conditions of supervised release:

**You shall follow the instructions of the probation officer/You shall participate in a substance abuse treatment program as directed by the probation officer.**

During the evening of July 13/14, 2010, the offender left and absconded from the Pyramid Healthcare residential treatment facility before completing the 28-day inpatient recovery program and without the prior approval of the probation officer or the program staff. He had been instructed on June 30, 2010, to enter the detox component of the program on July 1, followed by the 28-day inpatient treatment component and to remain there until completion of both components. He moved from the detox to the inpatient component on July 6, where he was to remain until August 3, when he would then transfer to the Renewal Community Corrections Center in Pittsburgh. The intended plan was to afford the offender intensive substance abuse treatment, followed by

transitional services and outpatient care, as a response to his admitted use of heroin, drug tests that indicated use of marijuana and opiates, and residential instability. On June 16, 2010, the offender admitted to USPO Waszyn that he had recently overdosed on heroin, requiring emergency medical response to his then residence. On June 30, 2010, he admitted to USPO Waszyn that he had been using heroin daily until a few days earlier.

**You shall notify the probation officer at least ten days prior to any change in residence.**

During the evening of July 13/14, 2010, the offender changed his residence without having notified the probation officer in advance. As noted above, he moved out of the Pyramid Healthcare inpatient treatment facility which was his approved residence. He has not contacted the probation office to report a new residence. His current whereabouts are unknown.

**You shall refrain from any unlawful use of a controlled substance.**

On June 30, 2010, the offender submitted a urine specimen that subsequently tested presumptively positive for opiates and cannabinoids. That same date, he admitted to USPO Waszyn that he had been using heroin daily up until a couple of days earlier. Moreover, on June 16, 2010, he admitted to USPO Waszyn that he had recently overdosed on heroin and had received emergency medical attention at his mother's residence.

PRAYING THAT THE COURT WILL ORDER a bench warrant be issued for the arrest of the supervised releasee for alleged violation of supervision and that bond be set at "no bail," as the offender poses risks of flight and danger to himself and others.

ORDER OF COURT

Considered and ordered this ____ day of _____, 20___ and ordered filed and made a part of the records in the above case.

U.S. District Judge/Magistrate

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 14, 2010

John A. Poglinco
Supervising U.S. Probation Officer

Place: Pittsburgh, Pennsylvania